JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

JAI AMBE SERVICES LLC D/B/A SUNOCO A PLUS

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

David M. Shafkowitz, Esquire
350 S. Main Street, Suite 308, Doylestown, PA 18901

**DEFENDANTS**

UNITED STATES OF AMERICA
BROOKE ROLLINS, Secretary, U.S. Depart of Agriculture

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

U.S. Attorney's Office
615 Chestnut Street, Suite 1250, Philalphia, PA 19106

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☒ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
7 U.S.C. 2023

Brief description of cause:
SNAP Disqualification Appeal

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*

JUDGE ____________ DOCKET NUMBER ____________

DATE: 10/01/2026

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 7241 Torresdale Avenue, Philadelphia, PA 19135

***RELATED CASE IF ANY:*** Case Number:______________ Judge:______________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☑ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:____________________

**B. *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):____________
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*____________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAI AMBE SERVICES LLC d/b/a<br>SUNOCO A PLUS | : | |
| Plaintiff, | : | Civil Action No. |
| v. | : | |
| UNITED STATES OF AMERICA<br>and<br>BROOKE ROLLINS, Secretary<br>U.S. Department of Agriculture | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff, Jai Ambe Services LLC d/b/a Sunoco A Plus, by and through its undersigned counsel, hereby submits the following Complaint against the Defendants, United States of America and Brooke Rollins, Secretary, United States Department of Agriculture and avers in support thereof as follows:

Plaintiff, Sunoco A Plus seeks judicial review under 7 U.S.C. 2023(a)(13) of a United States Department of Agriculture ("USDA") decision of disqualification of six months from participation in the Supplemental Nutrition Assistance Program ("SNAP").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 7 U.S.C. 2023(a)(13) and C.F.R. 279.7(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. 139(b) in that Plaintiff's place of business is in this district and all acts described in this Complaint occurred in this district.

## PARTIES

3. Plaintiff, Jai Ambe Services LLC d/b/a Sunoco A Plus ("Plaintiff") is a Pennsylvania limited liability company. Plaintiff operates a retail food store located at 7241 Torresdale Avenue, Philadelphia, PA 19135 ("Store") and a participant in SNAP which is governed by the USDA through the Food and Nutrition Service.

4. Defendants, The United States of America and Brooke Rollins, Secretary, United States Department of Agriculture (collectively, "USDA") are the Defendants in this action.

## FACTUAL ALLEGATIONS

5. Plaintiff is an authorized participant in SNAP at the Store, which is subject to the rules and regulations administered by USDA through Food and Nutrition Service ("FNS").

6. On April 2, 2025, the USDA sent a letter ("April 2 Letter") alleging that Plaintiff had accepted SNAP benefits in exchange for ineligible, non-food items.

7. According to the April 2 Letter and the accompanying Investigative Transaction Report ("Report"). FNS investigators conducted five (5) visits to the Store between September 25, 2024 and November 4, 2024, and FNS alleges that violations occurred during three (3) of those visits.

8. Among other allegations, the Report alleged that non-food items were purchased using SNAP benefits and that, in at least one transaction, the clerk charged more than the total marked purchase price of the eligible items.

9. The April 2 Letter provided Plaintiff with ten (10) days to respond in writing to the allegations. On April 11, 2025, Plaintiff, through counsel, submitted a written response to the FNS ("Reply Letter").

10. In the Reply Letter, Plaintiff explained that the alleged conduct was attributable to a newly hired employee and addressed the steps Plaintiff took to correct the transactions identified by FNS.

11. On June 10, 2025 ("June 10 Letter"), the USDA sent another letter advising that after consideration of Defendant's Reply Letter, FNS determined that the violations occurred at the Store.

12. The June 10 Letter informed Plaintiff that it was disqualified from participating in SNAP for a period of six (6) months.

13. Prior to the transactions identified in the April 2 Letter, Plaintiff had never been sanctioned, disqualified, or issued a warning by FNS or USDA for any violation of SNAP requirements.

14. On June 19, 2025, via electronic correspondence, Plaintiff, through counsel, timely requested administrative review of the June 10 Letter and the six (6) month disqualification.

15. On June 23, 2025, the USDA acknowledged Plaintiff's timely request for administrative review.

16. On August 28, 2026, FNS issued its Final Agency Decision affirming the determination to disqualify Plaintiff from SNAP for six (6) months (the "Final Agency Decision"). A true and correct copy of the Final Agency Decision is attached hereto as **Exhibit "A."**

17. On September 2, 2026, Plaintiff received the Final Agency Decision via email. A true and correct copy of the service email is attached hereto as **Exhibit "B."**

18. The Final Agency Decision advised Plaintiff of its right to seek judicial review in federal court.

19. The six (6) month disqualification substantially impairs Plaintiff's business operations and causes financial harm to Plaintiff by preventing the Store from accepting SNAP benefits during the disqualification period. The disqualification also prevents customers who rely upon SNAP benefits from using those benefits at the Store.

**COUNT I**
**JUDICIAL REVIEW OF SNAP DISQUALIFICATION**

20. Plaintiff hereby incorporates by reference and re-alleges all prior paragraphs as if fully set forth herein.

21. Plaintiff is aggrieved by the Final Agency Decision disqualifying Plaintiff from participation in SNAP for six (6) months.

22. Plaintiff timely seeks judicial review pursuant to 7 U.S.C. § 2023(a)(13).

23. Pursuant to 7 U.S.C. § 2023(a)(15) and 7 C.F.R. § 279.7(c), this action is to be tried de novo, with the Court determining the validity of the challenged administrative action based upon the law and the evidence.

24. Plaintiff contends that the evidence does not establish the violations alleged by FNS and that the Final Agency Decision should therefore be set aside.

25. The alleged transactions were attributable, if at all, to the isolated conduct of a newly hired employee and were not authorized, directed, or condoned by Plaintiff's ownership or management.

26. Plaintiff had no prior SNAP sanctions, disqualifications, or warnings concerning violations of the type alleged in the Final Agency Decision.

27. Plaintiff took corrective measures after learning of the alleged transactions.

28. To the extent FNS relied upon 7 C.F.R. § 278.6(e)(5) in imposing a six-month disqualification, the evidence does not establish that the alleged violations resulted from

carelessness or poor supervision by Plaintiff's ownership or management, as required by that regulation.

29. Accordingly, the Final Agency Decision should be reversed and the six-month disqualification vacated.

**PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing allegations, Plaintiff, Jai Ambe Services LLC d/b/a Sunoco A Plus, prays for the court to grant the following relief:

(a) vacate and reverse the Final Agency Decision and the resulting six-month disqualification;

(b) pending final resolution of this action, stay the administrative disqualification pursuant to 7 C.F.R. § 279.7(d); and

(c) award Plaintiff reasonable attorney's fees and costs and grant such other and further relief as the court deems just and appropriate.

Respectfully submitted,

By: ______________________________

DAVID M. SHAFKOWITZ, ESQUIRE
*Attorney for Plaintiff*
Attorney ID No. 73480
350 S. Main Street, Suite 308
Doylestown, PA 18901
(267) 422-3340 (p)
(215) 940-9209 (f)
dms@shafkowitzlaw.com

Dated: October 1, 2026

# EXHIBIT "A"

USDA Food and Nutrition Administration
U.S. DEPARTMENT OF AGRICULTURE

August 28, 2026

DAVID M. SHAFKOWITZ, ESQUIRE
350 S. Main Street, Suite 308
Doylestown, PA 18901

RE:
MANISHKUMAR K PATEL
Sunoco A Plus
7241 Torresdale Ave,
Philadelphia, PA 19135

Dear Counselor:

Enclosed is the Final Agency Decision of the U.S. Department of Agriculture, Food and Nutrition Administration in response to your June 19, 2025, request for administrative review. Also included is a statement regarding applicable rights to a judicial review.

The U.S. Department of Agriculture, Food and Nutrition Administration finds that there is sufficient evidence to support the determination by the Retailer Operations Division to impose a six-month disqualification against Sunoco A Plus from participating as an authorized retailer in the Supplemental Nutrition Assistance Program.

Sincerely,

/s/ David A. Shively

DAVID A. SHIVELY
Administrative Review Officer

Enclosure: Final Agency Decision

**U.S. Department of Agriculture**
**Food and Nutrition Administration**
**Administrative Review Branch**

| | |
|---|---|
| **Sunoco A Plus,**<br><br>**Appellant,**<br><br>**v.**<br><br>**Retailer Operations Division,**<br><br>**Respondent.** | **Case Number: C0283075** |

## FINAL AGENCY DECISION

The U.S. Department of Agriculture (USDA), Food and Nutrition Administration (FNA), formerly Food and Administration Service (FNS), finds that there is sufficient evidence to support the determination by the Retailer Operations Division to impose a six-month disqualification against Sunoco A Plus ("Appellant") from participating as an authorized retailer in the Supplemental Nutrition Assistance Program (SNAP).

## ISSUE

The purpose of this review is to determine whether the Retailer Operations Division took appropriate action, consistent with Title 7 of Code of Federal Regulations (CFR) § 278.6(e)(5) in its administration of SNAP when it imposed a six-month period of disqualification against Appellant on June 10, 2025.

## AUTHORITY

According to 7 U.S.C. § 2023 and its implementing regulations at 7 CFR § 279.1, "A food retailer or wholesale food concern aggrieved by administrative action under § 278.1, § 278.6 or § 278.7 . . . may . . . file a written request for review of the administrative action with FNS."

## CASE CHRONOLOGY

The USDA investigated the compliance of Appellant with federal SNAP law and regulations during the period of September 25, 2024, through November 4, 2024. The investigative report documented personnel at Appellant's firm accepted SNAP benefits in exchange for ineligible

merchandise on three occasions. As a result of evidence compiled during this investigation, by letter dated April 2, 2025, the Retailer Operations Division charged ownership with violating the terms and conditions of the SNAP regulations at 7 CFR § 278.2(a) and noted the violations warranted a six-month disqualification period. The letter also stated that Appellant was not eligible for a civil money penalty (CMP) in lieu of a disqualification. Additionally, Appellant was given 10 days from receipt of the letter to provide a response. The record indicates that Appellant responded to the charge letter on April 11, 2025.

After reconsidering the evidence and Appellant's response, the Retailer Operations Division notified Appellant in a letter dated June 10, 2025, that the violations cited in the charge letter occurred at the firm and that a six-month period of disqualification was warranted.

By email dated June 19, 2025, Appellant, through counsel, requested an administrative review of the Retailer Operations Division's determination. The request was granted, and implementation of the disqualification has been held in abeyance pending completion of this review.

## STANDARD OF REVIEW

In an appeal of an adverse action, Appellant bears the burden of proving by a preponderance of evidence that the administrative action should be reversed. That means Appellant has the burden of providing relevant evidence that a reasonable mind, considering the record as a whole, would accept as sufficient to support a conclusion that the argument asserted is more likely to be true than untrue.

## CONTROLLING LAW

The controlling law in this matter is contained in the Food and Nutrition Act of 2008, as amended (7 U.S.C. § 2021), and implemented through regulation under Title 7 CFR Part 278. In particular, 7 CFR § 278.6(a) and (e)(5) establish the authority upon which a six-month disqualification may be imposed against a retail food store or wholesale food concern.

Section 278.6(e)(5) of the SNAP regulations states, in part, when a firm is to be disqualified for six months:

> If it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management.

7 CFR § 278.6(a) states, in part:

> FNS may disqualify any authorized retail food store . . . if the firm fails to comply with the Food and Nutrition Act of 2008, as amended, or this part. Such disqualification shall result from a finding of a violation on the basis of evidence that may include facts established through on-site investigations, inconsistent redemption data, evidence obtained through a transaction report under an electronic benefit transfer system . . . .

In addition, 7 CFR § 278.6(f)(1) provides for civil money penalty (CMP) assessments in lieu of disqualification in cases where disqualification would cause "hardship" to SNAP households benefit because of the unavailability of a comparable participating food store in the area to meet their shopping needs. It reads:

> FNS may impose a civil money penalty as a sanction in lieu of disqualification when . . . the firm's disqualification would cause hardship to SNAP households benefit because there is no other authorized retail food store in the area selling as large a variety of staple food items.

**APPELLANT'S CONTENTIONS**

Appellant's responses regarding this matter are essentially as follows:

- The clerk was a new employee who was not fully trained.
- Appellant retrained staff.
- This is the first time the firm has had a problem with SNAP compliance.
- A six-month disqualification would pose a hardship to the business.
- A six-month disqualification would pose a hardship to SNAP participants who rely on the store.

These explanations may represent only a brief summary of Appellant's contentions. However, in reaching a decision, full consideration has been given to all contentions presented, including any others that have not been specifically listed here.

**ANALYSIS AND FINDINGS**

This review examines the relevant information regarding the Retailer Operations Division's determination. Once the Retailer Operations Division establishes a violation occurred, Appellant bears the burden of providing relevant evidence to support a conclusion, considering the record as a whole, that the disqualification should be reversed. If this is not demonstrated, the case will be sustained. Without supporting evidence and rationale, assertions that the firm has not violated program rules do not constitute valid grounds for overturning the determination.

The charges of violations are based on the findings of a formal USDA investigation conducted of the compliance of Appellant with Federal SNAP law and regulations. Investigators are trained thoroughly before entering any retail establishment and all protocols, including but not limited to what can and cannot be said. Investigators sign, under penalty of perjury, that investigative reports are true and correct. The investigators in these cases are licensed by the states and on top of being prosecuted for perjury, can lose their jobs and their licenses giving them no incentive to fabricate the information contained in the Reports of Investigation.

All transactions are fully documented, and a complete review of this documentation has yielded no known error or discrepancy in the reported findings. The investigation report is specific and thorough with regard to the dates of the violations, the specific facts related thereto and is supported by documentation that confirms specific details of the transactions. The documentation

on record includes EBT receipts and photos showing that 6 ineligible nonfood items, and 14 eligible food items were purchased with SNAP benefits by the investigator. Also on record is documentation that confirms that the ineligible nonfood items and the eligible food items were donated to and signed for by a charitable organization following the transaction. Such documentation includes the signature and title of the official of the charitable organization accepting the donated item, the name and address of the organization, the date the donation was made, and the official's initials next to the items donated. Moreover, the total purchase costs of each transaction and the amount of EBT funds spent is documented on transaction history reports.

The FNS investigative report documents by a preponderance of the evidence that an employee working at the Appellant firm accepted SNAP benefits for ineligible nonfood items on three separate occasions during the investigative period indicating an ongoing pattern of SNAP violations as defined by Section 271.2 of the SNAP regulations. The investigation report documents by a preponderance of the evidence that store employees engaged in the misuse of SNAP benefits as noted in Exhibits A, D, and E, warranting a disqualification as a SNAP retail food store for a period of six months.

As stated above, in an appeal of an adverse action, the Appellant bears the burden of proving by a preponderance of evidence that the administrative action should be reversed. That means the Appellant has the burden of providing relevant evidence that a reasonable mind, considering the record as a whole, would accept as sufficient to support a conclusion that the argument asserted is more likely to be true than untrue. In this matter Appellant has not provided any evidence that the sale of ineligible goods did not occur. In fact, Appellant admits that a mistake occurred. Consequently, this review finds, by a preponderance of the evidence, that program violations did occur as charged by the Retailer Operations Division and a six-month disqualification is warranted. The balance of this review will address Appellant's remaining contentions.

Appellant contends that the clerk who committed the error was new and not properly trained. Ownership bears the responsibility for clerks who permit impermissible SNAP transactions. When ownership signed the FNS application to become a SNAP authorized retailer, this included a certification and confirmation that Appellant would "accept responsibility on behalf of the firm for violations of the SNAP regulations, including those committed by any of the firm's employees, paid or unpaid, new, full-time or part-time." The violations listed on this certification document include selling ineligible non-food items. Regardless of whom the ownership of a store may use to handle store business; ownership is accountable for the proper handling of SNAP benefit transactions.

Appellant states that it has re-trained its employees and provided a copy of its new training program. In regard to these statements, this review has no authority to consider any subsequent remedial actions, such as fixing processes and/or procedures, that may have been taken or that will take place so that a store complies with program requirements. There are no provisions in the SNAP regulations for a waiver or reduction of an administrative penalty on the basis of alleged or planned corrective actions implemented after the discovery of program violations. Accordingly, the Appellant's remedial actions do not provide a valid basis for dismissal or modification of the disqualification determination

Appellant asserts that this firm has always been compliant with SNAP regulations. While this may be true, SNAP regulations explicitly state that FNS shall disqualify a store for a six-month period if it is to be the first sanction for the firm, and the evidence shows that personnel of the firm have committed violations such as the sale of common nonfood items in exchange for SNAP benefits due to carelessness or poor supervision by the firm's ownership or management. . A record of participation in the SNAP with no previously documented instance of violations does not constitute valid grounds for dismissal of the current charges of violations or for mitigating the impact of those charges. Consequently, the imposition of a six-month disqualification, the least severe penalty allowed by regulation, is appropriate, and is consistent with sanctions imposed upon other retail stores that have committed similar first-time violations.

Appellant also states that a six-month disqualification will cause damage to its business. It is recognized that economic hardship is a likely consequence whenever a store is disqualified from participation in SNAP and this review acknowledges Appellant's position. However, there is no provision in the SNAP regulations for a waiver or reduction of an administrative penalty assessment based on economic hardship resulting from imposition of such penalty. Thus, Appellant's contention that it will be economically harmed based on the assessment of an administrative penalty does not provide any valid basis for dismissing the charges or for mitigating the penalty imposition.

Appellant asserts that six-month disqualification would be a hardship to SNAP participants. 7 CFR § 278.6(f)(1) reads, in part, "FNS may impose a civil money penalty as a sanction in lieu of disqualification when . . . the firm's disqualification would cause hardship to households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices." The Retailer Operations Division determined that there are 10 similar authorized stores located within a one-half mile radius of Appellant. Thus, in its letter dated April 2, 2025, the Retailer Operations Division concluded that a hardship CMP would not be appropriate, as there are other authorized retail stores in the area selling as large a variety of staple foods at comparable prices. Consequently, the determination of the Retailer Operations Division that the six-month disqualification of Appellant from the SNAP program would not create a hardship to customers is sustained and a civil money penalty in lieu of disqualification is not appropriate in this case.

This review acknowledges Appellant's argument and that some degree of inconvenience to SNAP customers is inherent whenever any SNAP authorized retailer is disqualified. For example, the normal shopping pattern of SNAP customers may be temporarily altered during the period of disqualification. Nevertheless, the determination of the Retailer Operations Division that the six-month disqualification of Appellant from the SNAP program would not create a hardship to customers, as differentiated from potential inconvenience, is sustained and a civil money penalty in lieu of disqualification is not appropriate in this case. Additionally, this review does not see any pricing advantage to Appellant store considering the availability of similar or better-stocked firms for Appellant's customers.

## CONCLUSION

Based on the discussion above, the determination by the Retailer Operations Division to impose a disqualification of six months against Sunoco A Plus from participating as an authorized retailer in SNAP is sustained.

In accordance with the Food and Nutrition Act, and the regulations thereunder, this penalty shall become effective thirty (30) days after delivery of this letter. A new application for participation in SNAP may be submitted ten (10) days prior to the expiration of the six-month disqualification period.

## RIGHTS AND REMEDIES

Applicable rights to a judicial review of this decision are set forth in 7 U.S.C. § 2023 and 7 CFR § 279.7. If Appellant desires a judicial review, the complaint must be filed in the U.S. District Court for the district in which Appellant's owner resides, is engaged in business, or in any court of record of the State having competent jurisdiction. This complaint, naming the United States as the defendant, must be filed within thirty (30) days of delivery of this decision. The judicial filing deadline is stipulated by statute; FNA has no authority to grant an extension.

Under the Freedom of Information Act, we are releasing this information in a redacted format as appropriate. FNA will protect, to the extent provided by law, personal information that could constitute an unwarranted invasion of privacy.

DAVID A. SHIVELY
ADMINISTRATIVE REVIEW OFFICER

August 28, 2026

# EXHIBIT "B"

Gmail **Dave Shafkowitz <dms@shafkowitzlaw.com>**

# Sunoco A Plus_C0283075_ Sust DecNo14_Final Agency Decision

1 message

**SM.FN.SNAP-ARB** <SM.fn.SNAP-ARB@usda.gov> Wed, Sep 2, 2026 at 8:53 AM
To: "Manish " <Manish >, "Cdpatel " <Cdpate >
Cc: "dms@shafkowitzlaw.com" <dms@shafkowitzlaw.com>

Hello,

USDA has completed its administrative review of your case. Please see the attached Final Agency Decision (FAD) for full details. For our records and for potential judicial review purposes, an e-mail delivery receipt feature is being used to confirm delivery of the FAD. If the adverse action against your store has been sustained, the 30-day clock for filing a request for a judicial review will begin on the day the FAD has been delivered to your e-mail mailbox.

Thank you,

Administrative and Judicial Review Branch
Retailer Policy Division
Supplemental Nutrition Assistance Program

USDA U.S. DEPARTMENT OF AGRICULTURE
Food and Nutrition Administration

5601 Sunnyside Ave

Beltsville, MD 20705

SM.FN.SNAP-ARB@usda.gov

This electronic message contains information generated by the USDA solely for the intended recipients. Any unauthorized interception of this message or the use or disclosure of the information it contains may violate the law and subject the violator to civil or criminal penalties. If you believe you have received this message in error, please notify the sender and delete the email immediately.

**Sunoco A Plus_C0283075_ Sust DecNo14_08282026_dlbdas.pdf**
332K